# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1597V

|  |  |
|---|---|
| LAURA HEALY, <br><br>      Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>      Respondent. | Chief Special Master Corcoran <br><br> Filed: April 24, 2026 |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY, for Petitioner.*

*Madelyn Weeks, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On September 15, 2023, Laura Healy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration, a defined Table injury, or in the alternative a caused-in-fact injury, after receiving a pneumococcal conjugate (Prevnar 20) vaccine on December 2, 2022. Petition, ECF No. 1. On September 10, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 36.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $59,351.96 (representing $57,859.90 in fees, plus $1,492.06 in costs). Application for Attorneys' Fees and Costs ("Motion") filed September 15, 2025, ECF No. 40. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. 40-3.

Respondent reacted to the Motion on September 29, 2025, stating that he is satisfied the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 41 at 2-5. Respondent did, however, flag several billing entries by Petitioner's attorney as questionable. *Id.* at 1. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY'S FEES

### A. Hourly Rates

The hourly rates requested for attorneys Jimmy Zgheib, AnnMarie Sayad, and their supporting paralegals for all time billed in this matter are reasonable and consistent with prior determinations, and shall be awarded.

### B. Administrative Tasks

Fees are awarded for the number of hours reasonably expended on the litigation. *See Avera v. Sec'y of Health & Hum. Servs.,* 515 F.3d 1343, 1347 (Fed. Cir. 2008). The billing records show several charges for non-compensable work and/or tasks considered administrative in nature, including but not limited to, reviewing processing and paying invoices, and e-filing documents.[3] It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *See*, e.g*., Rochester* v. *U.S*., 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). See *Mostovoy* v. *Sec'y of Health & Hum. Servs*., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Secretarial or administrative tasks should not be billed at all, regardless of who performs such task. *See, e.g.*, McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Accordingly, I hereby deny reimbursement of such administrative charges, reducing the fees to be awarded by **$835.00.**

---

[3] The following billing entries are considered administrative in nature: 4/17/23 (two entries); 6/5/23; 6/20/23 (two entries); 9/20/23; 9/27/23; 3/1/24; 5/31/24; 6/21/24; 7/10/24; 6/20/24; 7/15/25; 7/17/25; 9/9/25; 9/11/25; 9/12/25; 9/15/25, reflecting a combined total of $835.00 in non-compensable charges. See ECF No. 40-1 at 5-37.

*C. Excessive Billing*

Respondent notes an instance of unnecessary billing in this matter regarding briefing the issue of entitlement and damages. Specifically, between March 10-14, 2025, Mr. Zgheib billed 16.60 hours at $450.00 per hour, to prepare a Motion for Ruling on the Record, which was filed April 3, 2025. ECF No. 28. On April 17, 2024, Petitioner filed a status report stating that the parties had reached an impasse in their settlement discussions, and proposing a briefing schedule for a ruling on the record. ECF No. 21. On the same day, I issued a non-PDF scheduling order, and instead directed Respondent to first file a Rule 4(c) Report identifying his objections to compensation.

On April 3, 2025, and without direction from the Court, Petitioner filed a Motion for Ruling on the Record. Respondent argues that Petitioner's Motion was "filed without leave of Court and in contravention to the staff attorney's previous instruction that petitioner should not file briefing." Respondent's Response at 1, ECF No. 41 (citing Scheduling Order at 1, ECF No. 29).

Counsel should avoid including in his fees request hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). Having reviewed the billing records submitted in support thereto, I find the total amount charged for briefing to be excessive and otherwise unnecessary. Mr. Zgheib requested to file a Motion for a Ruling on the Record, and in response, I instructed the parties that Respondent's Report would be filed "*in the alternative*." Non-PDF Scheduling Order, filed April 17, 2024. It is imperative that counsel only file what has been requested/ordered, or risk denial of those fees. *See Stiegler v. Sec'y of Health & Hum. Servs.,* 176 Fed. Cl. 786, 802 (2025) (denying fees for work relating to filing a reply brief contrary to an express order)*.*

I will apply a 50% reduction to the hours Petitioner's counsel billed for work related to the Motion for Ruling on the Record. **Application of the foregoing results in a reduction of $3,735.00.**[4]

---

[4] This amount is calculated as follows: $450.00 x 16.60 hours = $7,470.00 x 0.50 = $3,735.00.

*D. Litigation Costs*

Petitioner has provided supporting documentation for the majority of claimed costs. ECF No. 40-2. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $97.00 in charges that have not been substantiated by any supporting documentation, such as an invoice or proof of payment.[5] *Id*. at 1-43. When petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at \*4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow reimbursement of such costs, resulting in a reduction of **$97.00.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $54,684.96 (representing $53,289.90 in fees plus $1,395.06 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] The following entries reflect unsubstantiated costs: 2/28/23 (two entries); 6/20/23; 9/18/23. ECF No. 40-2.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.